SHORTESS, Judge.
Defendant, Andrea Johnson, was charged by bill of information with receiving stolen things of a value of more than $100.00 but less than $500.00 on April 16, 1980, in violation of La.R.S. 14:69. Defendant pled not guilty. After a jury trial, defendant was found guilty of receiving stolen things in the amount of less than $100.00. He was sentenced to six months without hard labor, said sentence to run consecutively with any other sentence the accused was then serving. He was also ordered to pay costs. Defendant appealed his conviction and sentence and originally alleged six assignments of error. Only one assignment of error was briefed; therefore, the others are considered abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4; State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1141 (La.1983).
FACTS
On August 16, 1980, defendant and Paula Edwards shared an apartment located at 2750 Alaska Street in Baton Rouge. At that time defendant was already in jail on another charge, but the police were investigating some house burglaries so Officers Jude Boudreaux and Malcolm D. Cain went to the apartment. After some discussions, Paula Edwards voluntarily signed a consent to search form. The officers then searched her apartment and found a man’s wrist watch engraved “Joseph Lanier, Delta Airlines, Twenty years service.” The officers then confronted defendant with the fact that they had recovered the watch. Defendant admitted that the watch was his, but he could not remember where he had gotten it. Joseph Lanier testified that the watch, along with other items, had been stolen in a burglary of his house.
*57 During trial as the State conducted its direct examination of Officer Cain, the following colloquy took place:
Q. And where did you talk to him? Where were you when you talked to him?
A. Mr. Johnson was at the jail. We brought him to the office and he did advise that—
Q. Wait before you get into that. Did he talk to you?
A. Yes, sir.
Q. Prior to him talking to you, did you give him his Miranda rights?
A. Yes, sir.
Q. Did you tell him what he was being questioned about?
A. Yes, sir.
Q. In fact, was he under arrest at the time you talked to him?
A. He was under arrest for unrelated charges not anything involving that watch.
Defense counsel moved for a mistrial on the grounds that La.C.Cr.P. art. 770(2) requires a mistrial when a reference is made by judge, district attorney or court official during the trial to other crimes by the defendant to which evidence is not admissible.
The trial court denied the motion for mistrial but strongly admonished the jury that it was to disregard any references to any offenses other than the charge of receiving stolen things.
ASSIGNMENT OP ERROR
Defendant contends that the trial court erred when it denied his motion for mistrial based upon Cain’s mention of another crime committed by defendant.
The defendant argues in brief that Cain’s testimony mandates a mistrial in accordance with La.C.Cr.P. art. 770 which states in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:

(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; ... (Emphasis added.)
Article 770 makes it clear that the remark or comment must be made by the judge, district attorney, or a court official. Cain was a police officer. That status did not qualify him as a court official. See State v. Hayes, 414 So.2d 717 (La.1982).
In State v. Harris, 383 So.2d 1, 9 (La.1980), the Louisiana Supreme Court stated:
This Court has generally recognized that a police officer’s unsolicited, unresponsive reference to another crime by the defendant is not the comment of a court official under Article 770. Absent a showing of a pattern of unresponsive answers or improper intent by the police officer or prosecutor such comments would not fall within the purview of Article 770. State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Hammontree, 363 So.2d 1364 (La.1978); State v. Martin, 376 So.2d 300 (La.1979).
The aforementioned rule applies to this case, and a mistrial was not mandated under La.C.Cr.P. art. 770. The police officer witness was not a court official. Therefore, the judge had discretion to deny a mistrial. Officer Cain’s testimony showed no pattern of unresponsive answers. The one unresponsive answer given by the witness was not so prejudicial to defendant as to warrant a mistrial.
The trial judge promptly admonished the jury to disregard any reference to the unspecified crime mentioned by Cain insofar as the guilt or innocence of defendant was concerned. Our review of the entire record shows that the trial judge’s admonishment was sufficient to correct any prejudice which may have resulted from Cain’s testimony. Defendant was not deprived of a fair trial.
Defendant’s assignment of error lacks merit.
*58 CONCLUSION
Defendant’s conviction and sentence are affirmed.
AFFIRMED.