CRAIN, Judge.
This is an appeal by defendant of her conviction on two counts of possessing controlled dangerous substances.
Defendant, Jacqueline Polk Nettles, was charged by bill of information with possession of Pentazocine with the intent to distribute, a violation of La.R.S. 40:967(A). Defendant was charged by a second bill of information with possession of Phenter-mine and Pentazocine, violations of La.R.S. 40:967(C) and La.R.S. 40:969(C). Defendant pled guilty to the charge of possession with intent to distribute Pentazocine. A jury convicted defendant of the charges of possession of Phentermine and Pentazo-cine. Defendant was sentenced to serve three years at hard labor and pay a fine of $2500.00 for the possession of Phenter-mine. She was sentenced to serve a consecutive sentence of two years at hard labor and pay a fine of $2500.00 for the conviction of possession of Pentazocine. Additionally, she was sentenced to four *252 years at hard labor without probation, parole or suspension of sentence on the charge of possession of Pentazocine with the intent to distribute to be served consecutive to the sentences on the possession charges.[1] Defendant has appealed alleging two assignments of error.
PACTS
Defendant was arrested for the possession of Pentazocine and Phentermine when the narcotics were discovered after a search was conducted of her residence pursuant to a warrant. When the officers arrived to execute the warrant, defendant was seen at a window and was observed to run to the center of the house. The officers immediately entered the house and observed defendant throw an object into the toilet and flush it. The officers retrieved the object, a plastic bag which was found to contain talwin (Pentazocine). A search of the house and residence revealed a quantity of other narcotics, specifically Pentazocine and Phentermine.
ASSIGNMENT OF ERROR NUMBER 1:
In this assignment of error, defendant argues that the court erred in denying her motion for a mistrial after a police officer allegedly alluded to other crimes committed by defendant. The objection occurred during the cross examination of the State’s witness, Bobby Dale Calendar, an officer of the East Baton Rouge Parish Sheriffs Department, who participated in the execution of the warrant. The following exchange took place:
Q. Is that why they asked you to go help with the search warrant, because you’re the door breaker?
A. No, sir. I happen to know her previously, had previous experience with her.
At this point, defense counsel requested a mistrial, which the court denied.
La.C.Cr.P. art. 770(2) provides for mandatory mistrial when the judge, district attorney or a court official makes á remark or comment within the hearing of the jury referring directly or indirectly to “[ajnother crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.” Absent a showing of a pattern of unresponsive answers or improper intent, a police officer does not fall within the purview of La.C. Cr.P. art. 770. State v. Harris, 383 So.2d 1. (La.1980); State v. Johnson, 447 So.2d 56 (La.App. 1st Cir.1984). The testimony of Officer Calendar showed no pattern of unresponsive answers or improper intent. Consequently, a mistrial was not mandated under La.C.Cr.P. art. 770. In any event, the remark by the witness does not necessarily, or even probably, refer to prior criminal conduct. The trial court’s admonition to the jury was sufficient to cure any possible prejudice. We find no merit to this assignment of error.
ASSIGNMENT OF ERROR NUMBER 2:
In this assignment of error, defendant argues that the court abused.its discretion by cautioning a State witness to restrict the scope and content of his testimony on cross examination. Defense counsel moved for a mistrial during the testimony of Bobby Dale Calendar. The following exchange took place during the examination of Officer Michelle Fourrier:
Q. Had you not seen Ms. Nettles at the door and make [sic] a quick move, would you have broken down the door?
A. I don’t know, probably so.
Q. You would have just walked up to that door, you would have broken it down and went in without knocking? A. Probably.
Q. Why?
A. Based on past experience.
*253 Q. Well, by being a narcotics agent?
A. Well.
THE COURT: Be careful what you say.
By Mr. Riche:
Q. You would have executed that search warrant whether you seen anybody at the door or not by breaking it in, is that a fair statement?
We note initially that the remark by the court was not objected to at the time of its occurrence, and defendant is thus prohibited from raising the issue on appeal. La.C.Cr.P. art. 841. Even if he had objected, the remark was well within the court’s authority to control the proceedings. La.C. Cr.P. art. 17; La.R.S. 15:275. The question of defense counsel was apparently designed to elicit a response that might refer to other crimes. The trial judge quite properly took steps to avoid another mandatory mistrial issue under La.C.Cr.P. art. 770. We find no merit to this assignment.
For the foregoing reasons we affirm the decision of the trial court.
AFFIRMED.

. The record for each of these consolidated cases contains the identical assignments of error, relating to events during the trial of the simple possession charges. (83 KA 1111). No assignments of error were filed which arc pertinent to the charge for which defendant appcal-ed in 83 KA 1110, possession with the intent to distribute Pentazocine. We have performed a check for errors patent on the face of that record and, finding none, that conviction and sentence arc affirmed.