WATKINS, Judge.
Vincent L. Johnson was charged by grand jury indictment on November 9, 1983, with three counts of aggravated rape, a violation of LSA-R.S. 14:42. Defendant pled not guilty. After jury trial he was found guilty as charged and was sentenced to three consecutive life terms of imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.
Prior to his trial, defendant had moved to sever the three counts of aggravated rape. Defendant’s only assignment of error on appeal takes issue with the trial court’s denial of that motion to sever.
FACTS
On January 22, 1983, Mrs. M. in Baton Rouge was raped. She was, at the time, a 62 year old widow who lived alone. At approximately 10:00 at night, she was awakened when she felt what she thought was a knife pressed to the back of her neck by a man. The man made her put a pillowcase over her head and raped her. He then left, threatening to kill her if she called the police.
On April 7, 1983, the same man returned and raped Mrs. M. again. She had bolted her bedroom door, but opened it when she heard a noise in her house. The man, who had covered himself with a sheet, jumped out at her from a hall closet and forced his way into the bedroom. He raped her, threatening to kill her for calling the police the first time. He left without carrying through his threat.
On May 15, 1983, Mrs. D. was raped. A man confronted her in her hallway around 9:00 in the evening, covered by a bed comforter. He forced a pillowcase over her head and placed what she felt was the blade of a knife against her neck. He raped her and then left, threatening to kill her if she called the police.
Vincent Johnson, the Orkin service man for both Mrs. M and Mrs. D’s homes, was subsequently arrested and charged with all three rapes.
MOTION TO SEVER
Defendant argues in his only assignment of error that the trial court erred in denying defendant’s motion to sever the three counts of aggravated rape, alleging that:
(1) the crimes were not distinctive;
(2) there was no clear and convincing evidence that the defendant committed all three crimes;
(3) the evidence of each offense was not relatively simple and distinct;
(4) there was a good likelihood that the jury could not segregate the charges and evidence; and
(5) due to the nature of the charges and evidence, charging the crimes together would make the jury hostile.
Defendant made an oral motion to sever each of the two counts concerning Mrs. M. from the one count concerning Mrs. D. No *449 written motion is filed in the record. The matter was submitted on the evidence taken at a prior State v. Prieur, 277 So.2d 126 (La.1973) hearing, at which the trial court ruled that the crime involving Mrs. D. would be admissible under Prieur.[1] The trial court accordingly denied defendant’s motion for severance.
LSA C.Cr.P. art. 493 provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
In the instant case, the offenses charged, three counts of aggravated rape, are of the same or similar character. Also, since the punishment for each offense is necessarily confinement at hard labor, the mode of trial (jury composed of twelve jurors, ten of whom must concur to render a verdict) is the same. LSA C.Cr.P. art. 782. Hence, the offenses were properly joined in the same indictment. LSA C.Cr.P. art. 493.
When an accused has been charged in the same indictment with two or more offenses pursuant to art. 493, he may apply for severance of offenses under LSA C.Cr.P. art. 495.1, which provides:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
Such a motion is addressed to the sound discretion of the trial court and the court’s ruling should not be disturbed on appeal absent a showing of an abuse of discretion. State v. Williams, 418 So.2d 562 (La.1982); dissenting opinion, 438 So.2d 1109 (La.1983). According to State v. Washington, 386 So.2d 1368 (La.1980), concurring opinion, 430 So.2d 641 (La.1983), considerations for the trial court in determining whether prejudice may result from joinder include:
whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. See Drew v. United States, 331 F.2d 85 (D.C.Cir.1964); United States v. Weber, 437 F.2d 327 (3rd Cir.1970).
In State v. Celestine, 452 So.2d 676 (La.1984), U.S. cert. denied, — U.S.-, 105 S.Ct. 224, 83 L.Ed.2d 154 (1984), the Louisiana Supreme Court set out the correct application of LSA C.Cr.P. art. 495.1 as follows:
In State v. Carter, 352 So.2d 607 (La.1977), we held that art. 495.1, as it read at that time, normally required severance when the offenses were joined solely because they were of the “same or similar” character unless evidence of each offense would have been respectively admissible at the separate trial of the other. In Washington, we held that Carter still remained viable as a criterion for judging when there is a strong possibility of prejudice, even though art. 495.1 had been amended. However, under the new article, a severance need not be granted if the prejudice could effectively be avoided by other safeguards. Thus, a severance is not mandated simply because the offense would not be admissible at sepa *450 rate trials if the defendant is not “prejudiced” by the joinder. We have held that there is no prejudicial effect from the joinder of two or more offenses when the evidence of each offense is relatively simple and distinct, even though such evidence might not have been admissible in separate trials of the offenses because, with a proper charge, the jury can easily keep the evidence of each offense separate in its deliberations. State v. Williams, supra; State v. Washington, supra; State v. Robinson, 404 So.2d 907 (La.1981).
Celestine, 452 So.2d at 680. (Footnote omitted.)
The trial judge found in defendant’s first trial that the other crime [the rape of Mrs. D.] was properly admissible in the first case [involving the two rapes of Mrs. M.] under the Prieur[2] rationale. Since the trial judge found that the evidence of the other crime was admissible in the first case, no further determination was made, nor was any necessary under Williams, supra, in order for the trial judge to deny defendant’s motion to sever in the instant case which involves the same three counts.
In State v. Hatcher, 372 So.2d 1024, 1033 (La.1979), [reaffirmed in State v. Talbert, 416 So.2d 97 (La.1982) ], the Louisiana Supreme Court fully discussed the requirements for admissibility of other-crimes evidence under the modus operandi or system exception:
In order to be admissible the extraneous offense evidence must meet several tests: (1) there must be clear and convincing evidence of the commission of the other crimes and the defendant’s connection therewith; (2) the modus operan-di employed by the defendant in both the charged and the uncharged offenses must be so peculiarly distinctive that one must logically say they are the work of the same person; (3) the other crimes evidence must be substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character; (4) the other crimes evidence must tend to prove a material fact genuinely at issue; (5) the probative value of the extraneous crimes evidence must outweigh its prejudicial effect.
(Citations omitted.)
defendant admits that the only issue in this case is the identity of the assailant in each of the rapes. He admits that there was sufficient evidence to prove the commission of the other crime under the first test, but argues that his connection with the crimes was not proved. Defendant also argues that these were not signature crimes and finally, the probative value of the evidence did not outweigh its prejudicial effect.
The following facts were established at trial:
(1) Mrs. M. was raped twice by the same man.
(2) The man told Mrs. M. that her late husband had given him a key to the house. He apparently entered through the door; no forced entry was found.
(3) Several screens had been removed from Mrs. M.’s windows on the night of the first rape. Mrs. M. testified that she had not noticed these screens being down before that night. Neither had her son. A fingerprint of defendant’s was found on one of the screens which had been removed, also defendant’s palm print was found on the door frame of Mrs. M.’s bedroom.
(4) The second time Mrs. M. was raped, the attacker probably entered her home through an outside attic trap door.
(5) The night Mrs. D. was raped, her attacker apparently entered through her child’s bedroom window. Her four-year-old daughter saw him that night and immediately identified him from a photographic line-up four days later.
*451 (6) All three rapes were committed within a four month period, between 8:00 and 10:00 at night.
(7) Both women described their attacker as being a short, husky black man, with small genitalia.
(8) The attacker made both women put pillowcases over their heads and in both the last rape of Mrs. M. and the rape of Mrs. D., cut a hole in the pillowcase so he could kiss them during intercourse.
(9) Both victims felt defendant use a knife to threaten them. Both heard the knife “click” — indicating a switchblade. A switchblade was found in defendant’s house.
(10) Both women identified defendant as their Orkin man. He had serviced Mrs. M.’s house once a month for approximately five years, and Mrs. D.’s house on May 13 — two days before her rape.
From the above facts, defendant’s “connection” with the crimes is obvious. It is also clear that the modus operandi employed by the defendant in all three crimes was peculiarly distinctive and logically the work of one person.
The other crimes evidence was substantially relevant for the purpose of proving the identity of the attacker in Mrs. M.’s rapes. Defendant admits that identity was the only issue in the case, thus the fourth requirement was met as well.
Finally, the probative value of the extraneous crime outweighed its prejudicial effect. The evidence of each offense was relatively simple and distinct, allowing the jury to easily distinguish the offenses.
Having fulfilled all requirements under Prieur, the rape of Mrs. D. was properly ruled admissible at defendant’s first trial on the two counts concerning Mrs. M. Therefore, the joining of the three counts in the instant trial was proper and the trial court properly denied defendant’s motion to sever.
This assignment of error lacks merit. The conviction and sentence are affirmed.
AFFIRMED.

. This hearing was held on September 29, 1983 prior to defendant’s first trial on the two counts involving Mrs. M. The first trial resulted in a hung jury according to defendant’s brief. The transcript of the Prieur hearing is located at page 550C et seq of the record.

. State v. Prieur, 277 So.2d 126 (La.1973).