STOKER, Judge.
The defendant, Larry Joseph Martin (AKA Larry Jones), was charged by bill of information with simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. After a trial by jury, the defendant was found guilty as charged and sentenced by the trial court to serve ten years at hard labor with three years of the sentence to be served without benefit of probation, parole or suspension of sentence. The defendant has appealed his conviction based upon two assignments of error. The defendant asserts that the evidence was insufficient to support a verdict of guilty and urges review of all errors patent on the face of the record.
FACTS
During the early morning hours of August 5, 1986, the residence of Rufus Co-meaux in Lafayette, Louisiana was burglarized. Mr. Comeaux returned home to find a broken window, the back door ajar and his home in disarray. Several items were missing, among them a VCR, a Tele-com box from the cable service, a watch, a large silver and black radio, a .45 caliber revolver and a tool box.
Shortly before Mr. Comeaux returned home, a neighbor, Mitchell Felix, observed defendant in his backyard which is adjacent to Mr. Comeaux’s backyard. He managed to get within a few feet of defendant and *370 was able to recognize him as someone he had seen before in the neighborhood. He noticed the defendant was carrying a large silver and black radio, a tool box and a gun. He asked defendant what he was doing in his yard and defendant laughed and ran away. Mr. Felix followed defendant to a nearby park where Mr. Felix was knocked to the ground by an unknown person. Almost three weeks after the incident Mr. Felix positively identified defendant as the man he had seen in the vicinity of the Comeaux residence that night.
ASSIGNMENT OF ERROR NO. 1
Defendant asserts that there is insufficient evidence to support his conviction. Defendant maintains that the State’s case rests solely on circumstantial evidence that has failed to exclude every reasonable hypothesis of innocence. Defendant argues that no one saw him leave the Comeaux home and the only person who saw him near the scene did not corroborate exactly the victim’s testimony of what was missing from his home. Additionally, no fingerprints or footprints were lifted from the home or yard.
Burglary of an inhabited dwelling is the unauthorized entry of an inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode with the intent to commit a felony or any theft therein. LSA-R.S. 14:62.2. The evidentiary rule governing the use of circumstantial evidence set forth in LSA-R.S. 15:438 is “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”
The standard for appellate review in determining the sufficiency of the evidence is, whether after viewing the evidence in the light most favorable to the prosecution any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981); State v. Williams, 457 So.2d 902 (La.App.3d Cir.), writ denied 461 So.2d 313 (La.1984). When reviewing a conviction based on circumstantial evidence, it must be determined that when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Austin, 399 So.2d 158 (La.1981); State v. Honeycutt, 438 So.2d 1303 (La.App.3d Cir.), writ denied 443 So.2d 585 (La.1983).
The circumstantial evidence test is not purely a separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. “Ultimately, all evidence, direct and circumstantial must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden.” State v. Porretto, 468 So.2d 1142, 1146 (La.1985).
The broken window, the disturbed condition of the house, and the several missing items are evidence that an unauthorized entry was made with an intent to commit a theft. Defendant was positively identified as the person seen only a few feet from the burglarized house with three of the stolen items, the' radio, tool box and gun, in his hands. Defendant fled from the scene when approached and questioned by Mr. Felix. The circumstantial evidence was sufficient to establish every essential element of burglary of an inhabited dwelling, and exclude every other reasonable hypothesis of innocence. State v. Harris, 470 So.2d 601 (La.App. 1st Cir.), writ denied, 477 So.2d 1123 (La.1985).
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 2
Defendant has requested that the record be reviewed for all errors patent on the record. In his brief, defendant argues that the introduction of the out-of-court identification of the defendant by Mr. Felix constitutes an error patent on the face of the record. Only an error designated in the assignment of errors and an error that is discoverable by a mere inspection of the pleadings and proceedings and without in *371 spection of the evidence can be considered on appeal. LSA-C.Cr.P. art. 920. The introduction of defendant’s out-of-court identification was not designated as a formal assignment of error and it does not constitute an error discoverable by a mere inspection of the pleadings. Therefore, this court is precluded from review of that contention.
However, our review of the record indicates that defendant received an illegally severe sentence and that does constitute an error patent which this court may review.
LSA-R.S. 14:62.2 provides, in pertinent part, that:
“Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years.”
The Supreme Court has construed the ineligibility for parole, probation or suspension of sentence provision found in LSA-R.S. 14:62.2 to attach only to the statute’s minimum one-year term. State v. Boowell, 406 So.2d 213 (La.1981); State v. Conley, 411 So.2d 448 (La.1982); State v. LeClear, 474 So.2d 554 (La.App.3d Cir.1985). The sentence as it stands is illegal in that it imposes the ineligibility provision to three years of the sentence.
The trial court’s reasons for imposing sentence and the record support the ten-year sentence imposed. However, we amend the sentence as it stands and order the defendant to serve ten years at hard labor, one year of which must be served without benefit of parole, probation or suspension of sentence. The defendant’s conviction is affirmed.
AFFIRMED IN PART; AMENDED IN PART.