593 So.2d 1322 (1991)
STATE of Louisiana
v.
Darryl CHRISTY.
No. KA 90 1846.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
*1323 Bryan Bush, Dist. Atty., Baton Rouge by Susan Kreston, Asst. Dist. Atty., for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
The defendant, Darryl Christy, was charged in a single bill of information with *1324 six counts of simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. He pled not guilty and elected trial by jury. At the trial, at the close of State's case, the prosecutor dismissed count five because the victim could not be located. Thereafter, the defendant was found guilty as charged of the remaining five counts. He received five consecutive sentences of five years at hard labor; each sentence included one year without benefit of parole, probation, or suspension of sentence. The defendant was given credit for time served. On appeal, the defendant alleges twelve assignments of error, as follows:
1. The trial court erred in denying the defendant's motion to quash.
2. The trial court erred in overruling an objection made by the defense.
3. The trial court erred in overruling an objection made by the defense.
4. The trial court erred in overruling an objection made by the defense.
5. The trial court erred in overruling an objection made by the defense.
6. The trial court erred in denying the defendant's motion for a mistrial.
7. The trial court erred in allowing State Exhibit 6 to be admitted into evidence over the defendant's objection.
8. The trial court erred in denying the defendant's motion for a mistrial.
9. The trial court erred in denying the defendant's motion for a mistrial.
10. The trial court erred in overruling a defense objection to comments made by the prosecutor during rebuttal closing argument.
11. The trial court erred in denying the defendant's motion for post verdict judgment of acquittal.
12. The trial court erred in imposing excessive sentences and in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
Assignments of error numbers two and twelve were not briefed on appeal and, therefore, are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
At the trial, the State proved that the defendant committed four separate burglaries of inhabited dwellings (counts one through four) located on El Scott Avenue in Baton Rouge, Louisiana. These four offenses were committed between January 13 and September 5, 1989. The victim of each burglary testified as to the items missing and the fact that the defendant had not been authorized to enter. The particular sheriff's deputy who investigated each burglary also testified about the recovery of fingerprints. Finally, the State's fingerprint expert identified the defendant's fingerprints from the latent prints recovered at the scene of each burglary. The facts relating to the charge in count six will be more fully discussed herein under Assignment of Error No. 11.
ASSIGNMENTS OF ERROR NOS. ONE, NINE, AND TEN:
In assignment of error number one, the defendant contends the trial court erred in denying his motion to quash for misjoinder, or, alternatively, motion to sever offenses. In assignment of error number nine, the defendant contends that the trial court erred in denying his motion for a mistrial, made during the prosecutor's rebuttal closing argument. In assignment of error number ten, the defendant contends that the trial court erred in overruling an objection to the prosecutor's rebuttal closing argument. All of these assignments of error relate to the trial court's failure to quash the bill of information or sever the offenses.
La.C.Cr.P. art. 493 provides:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting *1325 parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
La.C.Cr.P. art. 495.1 provides:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
A motion for severance is addressed to the sound discretion of the trial court, and its ruling should not be disturbed on appeal absent a showing of an abuse of discretion. State v. Johnson, 464 So.2d 447, 449 (La. App. 1st Cir.), writ denied, 468 So.2d 1202 (La.1985). In ruling on a motion for severance, factors which the trial court should consider in determining whether or not prejudice may result from joinder include the following: whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and the evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition; and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. State v. Washington, 386 So.2d 1368, 1371 (La.1980).
The Louisiana Supreme Court has held that there is no prejudicial effect from the joinder of two or more offenses when the evidence of each offense is relatively simple and distinct, although such evidence might not have been admissible in separate trials of the offenses because, with a proper charge, the jury can easily keep the evidence of each offense separate in its deliberations. State v. Celestine, 452 So.2d 676, 680 (La.1984). Reviewing the trial court's charge to the jury, there can be no doubt that the jury was aware that the defendant was charged with five separate offenses, each requiring a separate verdict. Of course, the jury was given five separate lists of responsive verdicts (one for each count) and five separate verdict forms (one for each count).
The facts of these offenses were relatively simple and were similar. All five burglaries involved inhabited dwellings on El Scott Avenue. For each offense, the State introduced the testimony of the particular sheriff's deputy who investigated that offense and recovered fingerprints therefrom. In counts one through four, the State produced the testimony of each victim, who explained what was taken from his or her residence and also stated that the defendant had not been authorized to enter. In count six, although the State did not present the testimony of the victim, it did present the testimony of the next door neighbor who actually heard the burglary taking place and called the police. Finally, the State presented the testimony of the fingerprint expert, Martha Hilburn, who identified the defendant's fingerprints in connection with each particular offense. Furthermore, we note that the defendant has not made an argument that the joinder of these offenses confounded any type of defense to a particular charge. In fact, the defendant did not testify, nor did the defense produce any evidence.
Considering the relatively simple facts of these very similar offenses, the manner in which the evidence was presented to the jury, and the trial court's instructions to the jury, we conclude that the defendant was not prejudiced by the joinder of these offenses in a single bill of information. Accordingly, the trial court did not err in denying the defendant's motion to quash for misjoinder, or, alternatively, motion to sever offenses.
Assignments of error numbers nine and ten relate to allegedly prejudicial comments made by the prosecutor during her rebuttal closing argument. The defendant contends that, on two separate instances (each of which form the basis of one of these two assignments of error), the prosecutor improperly argued the five offenses as a *1326 whole. Although the defendant does not cite any law or jurisprudence in support of these assignments of error, he contends: "It would seem that if any prejudicial effect is to be avoided by the orderly presentation of evidence and by the jury being instructed to keep these offenses separate, the prosecutor should not be allowed to cumulate all of these offenses in her argument to the detriment of the defendant."
In referring to Ms. Hilburn's testimony that she identified the defendant's fingerprints, the prosecutor stated: "There were twelve separate prints that were identified to him. She made a mistake twelve times?" The defendant objected and requested a mistrial on the basis that the prosecutor was "accumulating the counts." The trial court overruled the objection and denied the motion for a mistrial. Shortly thereafter, the prosecutor referred to the defendant as "the crime wave of El Scott." Again defense counsel objected on the basis that the prosecutor was improperly cumulating all five charges to make the jury think that the defendant was a bad person. The trial court overruled the objection.
Mistrial is a drastic remedy and, except in instances in which a mistrial is mandatory, it is warranted only when a trial error results in substantial prejudice to the defendant depriving him of a reasonable expectation of a fair trial. State v. Starks, 471 So.2d 1029, 1033 (La.App. 1st Cir.1985). Furthermore, before a conviction will be reversed on the basis of improper argument, this Court must be convinced that the jury was influenced by the remarks to the extent that the statements contributed to the verdict. State v. Stovall, 439 So.2d 618, 622 (La.App. 1st Cir. 1983). Contrary to the defendant's argument that these remarks were improper attempts by the prosecutor to cumulate all five charges in an attempt to prejudice the jury, we conclude that these remarks were properly within the scope of rebuttal closing argument. Even if viewed as erroneous and prejudicial, we are not convinced that these two remarks influenced the jury to such an extent that they contributed to the verdicts.
For the above reasons, these assignments of error are meritless.
ASSIGNMENTS OF ERROR NOS. THREE, FOUR, FIVE, SEVEN, AND EIGHT:
All five of these assignments of error relate to the dismissal of count five during the trial. Immediately before the close of the State's case, the prosecutor dismissed count five due to an inability to locate the victim of that offense, Frank Britton. Before dismissing count five, the prosecutor introduced testimony and documentary evidence establishing an attempt to locate this witness. Deputy Clerk of Court Roxanne Landry testified that she typed State Exhibit 6, a criminal court subpoena for Frank Britton. The address was listed as 9638 El Scott Avenue in Baton Rouge. During her testimony, the defendant objected on relevancy grounds, and the trial court overruled the objection. This ruling formed the basis of assignment of error number three. The defendant also objected when Ms. Landry was asked what information the subpoena contained, and the trial court also overruled this objection. This ruling formed the basis of assignment of error number four.
Next, Sgt. Prince Dennis of the East Baton Rouge Parish Sheriff's Office testified about the procedures used to serve a subpoena or to return a subpoena which could not be served. When asked about State Exhibit 6, the subpoena for Mr. Britton, the defendant objected on relevancy grounds. The trial court overruled this objection, which formed the basis of assignment of error number five. Sgt. Dennis testified that he was unable to locate Mr. Britton and serve the subpoena.
When the prosecutor attempted to introduce State Exhibit 6 into evidence, defense counsel objected on relevancy and hearsay grounds. The trial court overruled the objections and allowed State Exhibit 6 to be admitted. This ruling formed the basis of assignment of error number seven.
*1327 Finally, when the prosecutor dismissed count five due to the inability to locate Mr. Britton, the defendant requested a mistrial. The trial court overruled the motion for a mistrial and allowed the prosecutor to delete count five from the bill of information. This ruling formed the basis of assignment of error number eight.
The key issue to be resolved herein is whether or not the trial court properly denied the defendant's request for a mistrial after count five was dismissed. In his brief to this Court, the defendant contends that the introduction into evidence of State Exhibit 6, which listed Mr. Britton's name and El Scott Avenue address, had the effect of suggesting that the defendant was guilty of the offense charged in count five, as well as the other five counts. The defendant contends that the dismissal of count five made it impossible for him to receive a fair trial as to the remaining counts. He argues that he was entitled to a mistrial pursuant to La.C.Cr.P. article 775 which provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
Initially, we note that the entering of a nolle prosequi rests entirely within the district attorney's discretion. See La. C.Cr.P. art. 691. See also La.Const. art. 5, sec. 26 B. However, this authority is not unbridled. Every defendant has the constitutional right to a fair trial. See La.Const. art. 1, sec. 16. According to Official Revision Comment (a) to Article 691, we conclude that the prosecutor has the authority to dismiss a prosecution even after jeopardy has attached "subject only to the right of the defendant to insist upon a trial." The defendant did not insist upon a trial as to count five; instead, he requested a mistrial as to the remaining counts. The granting of a mistrial is within the sound discretion of the trial court, and the denial of such a motion will not be disturbed on appeal absent an abuse of that discretion. A motion for mistrial pursuant to Article 775 should be granted only where a defendant suffers such substantial prejudice that he is deprived of any reasonable expectation of a fair trial. State v. Hawkins, 572 So.2d 108, 114 (La.App. 1st Cir.1990).
In State v. Johnson, 522 So.2d 1359 (La. App. 2d Cir.), writ denied, 531 So.2d 471 (La.1988), the defendant was charged with two counts of simple burglary at a particular business address. After the evidence revealed that the two businesses had an extensive physical and organizational connexity and that the safe, which was broken into, was located in office space shared by both corporations, the State dismissed one of the two counts, apparently in recognition of a potential double jeopardy violation. The defendant requested a mistrial, which the trial court denied. The trial court explained the reason for the dismissal to the jury. Citing the State's justification for the dismissal and the trial court's explanation to the jury, the Second Circuit found no prejudice to the defendant and concluded that the trial court properly denied his request for a mistrial.
We find that the instant case is somewhat similar to the situation presented in Johnson. In Johnson, the prosecutor initially believed the defendant had committed two separate burglaries. When the evidence introduced at trial actually established that only one burglary could have occurred, the prosecutor dismissed the second count. In the instant case, the prosecutor obviously believed that the defendant committed the offense charged in count five. Hoping to locate the missing witness, the prosecutor waited until the last possible moment before dismissing this count. The defendant does not suggest, nor do we find, any indication of bad faith or misconduct by the prosecutor in this situation. Under these circumstances, we find no prejudice to the defendant in the dismissal of count five. In so holding, we specifically note that this conclusion is limited to the *1328 particular facts presented herein. There might well be situations in multi-count prosecutions wherein the entering of a nolle prosequi for one or more counts after the jury has been informed of the existence of all of the counts will prejudice a defendant to such an extent that he is entitled to a mistrial, especially if evidence of the count or counts being dismissed was introduced, which might entitle such a defendant to a mandatory mistrial pursuant to La.C.Cr.P. article 770(2). In the instant case, the prosecutor did not introduce any evidence relating to count five, apart from the foundation laid for its dismissal, i.e., State Exhibit 6 and the testimony of Deputy Clerk Landry and Sgt. Dennis.
Even assuming, arguendo, that the defendant was prejudiced by the dismissal of count five and, therefore, that the trial court erroneously denied the motion for a mistrial, we conclude that any such error was harmless beyond a reasonable doubt. At the trial, in making his argument in support of the request for a mistrial, defense counsel stated that he was prejudiced by the dismissal of count five. To illustrate the point, he argued that the prosecutor initially characterized the case as a six-count prosecution. Although the prosecutor dismissed count five, the suggestion to the jury was that the defendant also committed the offense charged in count five. Defense counsel indicated that this suggestion could have an impact on the remaining counts, and he specifically mentioned count six and the State's difficulty in proving this count without the testimony of that victim, Ms. Varnado. However, in our treatment of assignment of error number eleven herein, we have reversed the defendant's conviction and sentence for the simple burglary of an inhabited dwelling charged in count six. Although the defendant's motion for post-verdict judgment of acquittal referred to all of the counts, the defendant's brief in assignment of error number eleven referred only to the conviction under count six. Yet, we have reviewed the sufficiency of the evidence to support the convictions under the remaining counts one through four and conclude that the evidence was legally sufficient to support these convictions.
The State presented the testimony of each victim in connection with counts one through four. Each of these victims testified that the defendant was not authorized to enter that particular residence and also testified as to the items taken therefrom. The State also proved that the defendant's fingerprints were found at each residence. Reviewing the evidence introduced in support of counts one through four in the light most favorable to the prosecution, we conclude that the evidence of the defendant's guilt of these four offenses is substantial, if not overwhelming. Accordingly, finding legally sufficient evidence to support the defendant's convictions on counts one through four, and having reversed on count six, we conclude that any error in the denial of the defendant's request for a mistrial in connection with the dismissal of count five is harmless beyond a reasonable doubt. La.C.Cr.P. art. 921.[1] Accordingly, assignment of error number eight is meritless.
We now consider the remaining assignments of error, all of which were based on defense objections to the admission into evidence of State Exhibit 6 and *1329 the testimony of Deputy Clerk Landry and Sgt. Dennis. We have found the dismissal of count five to be proper under the circumstances presented herein. Accordingly, we conclude that the State was entitled to lay a foundation before dismissing count five. The admission into evidence of State Exhibit 6, the subpoena for the missing witness, Frank Britton, was clearly relevant to establish this foundation. Likewise, the testimony of Deputy Clerk Landry concerning the preparation of the subpoena, and the testimony of Sgt. Dennis relating his inability to serve the subpoena, was also relevant as part of the foundation for dismissing count five. Although the instant record does not clearly indicate why defense counsel urged a hearsay objection, he apparently did so because State Exhibit 6 contained a notation made by Sgt. Dennis indicating that he was unable to locate Mr. Britton at the El Scott Avenue address listed on the subpoena. However, such a notation does not constitute hearsay evidence, since State Exhibit 6 was not introduced to prove the truth of the matter asserted, i.e., that Mr. Britton could not be located at that address. See La.Code of Evidence article 801 C; Also see, State v. Byrd, 540 So.2d 1110, 1113 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). The introduction into evidence of State Exhibit 6 and the testimony of Deputy Clerk Landry proved only that the subpoena was prepared and issued. It was the testimony of Sgt. Dennis which proved the truth of the matter asserted, i.e., that the witness could not be located. Therefore, we find that the trial court properly overruled the defendant's objections made during the testimony of Deputy Clerk Landry and Sgt. Dennis. Likewise, we conclude that the trial court properly admitted State Exhibit 6 into evidence.
For the above reasons, assignments of error numbers three, four, five, and seven are meritless.
ASSIGNMENT OF ERROR NO. SIX:
In assignment of error number six, the defendant contends that the trial court erred in denying his motion for a mistrial after the prosecutor allegedly elicited other crimes evidence from a State witness.
During the cross-examination of Martha Hilburn, the State's fingerprint expert, defense counsel asked if she had access to the fingerprint computer at the Louisiana State Police Crime Laboratory. Ms. Hilburn replied that she did. On redirect and recross-examination of Ms. Hilburn, the prosecutor and defense counsel asked her questions about the fingerprint computer and its functions. Finally, the following colloquy occurred:
PROSECUTOR:
Q Deputy Hilburn, in fact, in part Mr. Christy became suspect is (sic) because of the computer?
A That's correct.
DEFENSE COUNSEL: Judge, I'll object and request the jury be retired.
At this point, defense counsel requested a mistrial on the basis that, since the defendant became a suspect because of the fingerprint computer, the only logical inference to be made by the jury was that the defendant had a criminal record. However, the prosecutor noted that defense counsel had first raised the issue of the fingerprint computer and that no evidence had been offered to show that the only fingerprints in the computer's memory were from past arrests. The prosecutor also expressed a belief that the fingerprint computer contained fingerprints derived from sources other than arrest records. The trial court overruled the defendant's objection and denied his motion for mistrial.
La.C.Cr.P. art. 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the *1330 defendant as to which evidence is not admissible; ...
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Considering the question and answer quoted above in the context of Ms. Hilburn's testimony as a whole, we find that the trial court correctly denied the defendant's motion for a mistrial. Her testimony regarding the function of the fingerprint computer was limited to comparison of fingerprints. As the State correctly notes in its brief to this Court, there was no evidence as to the source of the fingerprints in the computer's memory, if indeed the fingerprint computer had a memory containing fingerprint records. In our view, Ms. Hilburn's testimony that the defendant became a suspect due in part to the fingerprint computer did not necessarily, or even probably, lead to an inference by the jury of prior criminal conduct. See State v. Nettles, 448 So.2d 250, 252 (La.App. 1st Cir.1984).
This assignment of error is meritless.
ASSIGNMENT OF ERROR NO. ELEVEN:
In this assignment of error, the defendant contends that the trial court erred in denying his motion for post verdict judgment of acquittal. In his brief to this Court, he specifically argues that the evidence was insufficient to support his conviction on count five. However, we note that count five was dismissed by the prosecutor immediately before the close of the State's case. A review of the defendant's argument obviously indicates that he is actually referring to count six, the October 23, 1987, simple burglary of an inhabited dwelling located at 9518 El Scott Avenue, belonging to Gail Varnado. The defendant does not contest the sufficiency of the evidence supporting the other four convictions.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821. The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
LSA-R.S. 14:62.2 provides, in pertinent part:
Simple burglary of an inhabited home is the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60.
In his brief to this Court, the defendant contends that the State failed to prove an "unauthorized entry." He also contends that the State failed to prove an intent to commit a felony or theft. We agree. Because we find that the overall evidence, both direct and circumstantial, is legally insufficient to support the defendant's conviction under count six, we reverse this conviction and sentence.
Ms. Gail Varnado occupied the duplex apartment at 9518 El Scott Avenue. Her neighbor, Ms. Elaine McClay, occupied the adjoining duplex apartment at 9516 El Scott Avenue. At approximately 11:30 p.m. on October 23, 1987, Ms. McClay heard noises behind the adjoining apartment and called the police. Apparently, Ms. Varnado was out of town for the weekend. *1331 East Baton Rouge Parish Sheriff's Deputy Brent Calendar arrived at the scene and investigated the incident. He observed a broken rear bedroom window and entered the residence through this window to ascertain whether or not the perpetrator was present. He found no one inside the apartment. He then allowed Ms. McClay to enter the apartment and asked her whether or not anything was missing. Ms. McClay did not notice anything missing from the apartment. Deputy Calendar then removed several fingerprints from inside the rear bedroom window. Subsequently, three of these fingerprints were matched to the defendant.
The fact that the defendant's fingerprints were found on the inside of the bedroom window apparently proved an entry. However, there is no evidence as to how, when, or under what circumstances the defendant's fingerprints were placed on the window. Because Ms. Varnado did not testify, the State failed to prove that the defendant's entry was "unauthorized." It is the generally accepted practice to elicit testimony from the victim to establish that the accused had no permission to enter. However, circumstantial evidence can be used to show that an unauthorized entry occurred. State v. Jacobs, 572 So.2d 1140, 1143 (La.App. 1st Cir.1990). Without Ms. Varnado's testimony, the State failed to prove, through direct evidence, an unauthorized entry. For the reasons which follow, we likewise conclude that the State failed to prove an unauthorized entry through circumstantial evidence.
In State v. Jones, 532 So.2d 369 (La.App. 3rd Cir.1988), the Third Circuit concluded that a broken window, the disturbed condition of the house, and the fact that several items were missing constituted sufficient evidence that an unauthorized entry was made with an intent to commit a theft. In that case, however, the defendant was observed carrying several of the missing items and, when confronted by a neighbor, he fled. In the instant case, there was no evidence that anything was missing from the residence, or that a felony had been committed therein. As the defendant correctly noted in his brief to this Court, although Deputy Calendar testified that clothes were thrown around the bedroom floor and the drawers had been pulled out, it is entirely possible that the bedroom was left in this state by Ms. Varnado or anyone else. The mere presence of defendant's fingerprints inside the window, and the fact that the bedroom had been "rambled through" is not sufficient evidence of simple burglary of an inhabited dwelling. Because there was absolutely no evidence of an "unauthorized" entry or of an intent to commit a felony or a theft in the residence, this particular conviction cannot stand. Accordingly, the defendant's convictions and sentences for simple burglary of an inhabited dwelling (counts one through four) are affirmed and his conviction and sentence for simple burglary of an inhabited dwelling (count six) is reversed.
CONVICTIONS AND SENTENCES ON COUNTS ONE THROUGH FOUR AFFIRMED AND CONVICTION AND SENTENCE ON COUNT SIX REVERSED.
NOTES
[1] We have found no error or, at most, harmless error, regarding the trial court's denial of defendant's request for a mistrial made in connection with the dismissal of count five. Nevertheless, we note that we do not approve of the practice of dismissing one or more counts of a multi-count prosecution during the trial when that charge (or those charges) could have been dismissed prior to trial. In situations where a piece of evidence is missing or a witness cannot be located, in our view, the State should move to sever that particular count before trial. Such a practice would avoid the problems presented herein, as well as provide the possibility of a future prosecution on that particular count if the missing piece of evidence or witness were located, since jeopardy would not have attached to a count dismissed prior to trial. See La. C.Cr.P. art. 693(1).