472 So.2d 76 (1985)
STATE of Louisiana
v.
Eddie L. REESE.
No. 85-KA-115.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
John M. Mamoulides, Paul Connick, Dorothy A. Pendergast, Gretna, for plaintiff-appellee.
Martha E. Sassone, Gretna, for defendant-appellant.
Before BOUTALL, C.J., and BOWES and GAUDIN, JJ.
GAUDIN, Judge.
Eddie L. Reese was convicted of aggravated rape in the 24th Judicial District Court and sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On appeal, his only briefed and argued assignment of error contends that the trial judge erred in including simple rape as a possible responsive verdict and omitting sexual battery.
*77 This was a procedural mistake but it is not, under the instant facts and circumstances, reversible error. We affirm Reese's conviction and sentence.
Appellant was charged with raping a 47-year-old woman in a Jefferson Parish motel after abducting her forcibly as she was walking toward her automobile. The victim testified that Reese punched her in the face, pounded her head on the pavement and dragged her into a storage shed where the physical attack continued. Reese held the then semi-conscious victim's arm behind her back and forced her into a nearby motel room, where he threatened to kill her. He raped her twice, repeating threats on her life.
Aggravated rape, as defined in LSA-R.S. 14:42, reads in pertinent part:
"Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
"(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
"(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution ..."
This rape was committed on June 26, 1982, at which time the verdicts responsive to aggravated rape, according to LSA-C.Cr.P. art. 814, were (1) guilty as charged, (2) guilty of attempted aggravated rape, (3) guilty of simple rape, (4) guilty of forcible rape and (5) not guilty. At the time of trial,[1] Art. 814 had been amended, with simple rape deleted and sexual battery added as a responsive verdict.
The trial judge read the responsive verdicts as of June 26, 1982, and this was inadvertent. Responsive verdicts at the time of trial should have been read to the jury. See State v. Martin, 351 So.2d 92 (La.1977); and State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983).
Simple rape (LSA-R.S. 14:43) is defined as:
"Simple rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
"(1) Where the victim is incapable of resisting or of understanding the nature of the act by reason of stupor or abnormal condition of the mind produced by an intoxicating, narcotic, or anesthetic agent, administered by or with the privity of the offender; or when victim has such incapacity, by reason of a stupor or abnormal condition of mind from any cause, and the offender knew or should have known of the victim's incapacity; or
"(2) Where the victim is incapable, through unsoundness of mind, whether temporary or permanent, of understanding the nature of the act; and the offender knew or should have known of the victim's incapacity; or
"(3) Where the female victim submits under the belief that the person committing the act is her husband and such belief is intentionally induced by any artifice, pretense, or concealment practiced by the offender."
Sexual battery (LSA-R.S. 14:43.1), the omitted charge, is defined as:
"Sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, where the offender compels the other person to submit by placing the person in fear of receiving bodily harm:
"(1) The touching of the anus or genitals of the offender using any instrumentality or any part of the body of the offender; or
"(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim."
Failure to give the statutorily accurate responsive verdicts, however, is not a *78 spontaneous reversible error. An appellant must show that the inclusion or exclusion of an inappropriate lesser verdict was prejudicial and that fundamental due process had been violated.
In State v. Nolen, 461 So.2d 1073 (La. App. 5th Cir.1984), this Court was faced with a situation somewhat similar to the present one. We stated:
"The Supreme Court of the United States has held that the failure to list a lesser included offense among the possible responsive verdicts does not automatically justify reversal. Due process requires, the Court said in Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), `... that a lesser included offense instruction be given when the evidence warrants such an instruction. But due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction. The jury's discretion is thus channelled so that it may convict a defendant of any crime fairly supported by the evidence...'
"See also State v. Henry, 439 So.2d 1242 (La.App. 5th Cir.1983), in which a conviction for aggravated rape was affirmed although the trial judge failed to list a statutorily designated lesser verdict (guilty of forcible rape) because it was totally inappropriate to the facts. The court said:
`When the requested lesser offense contains all the essential elements of the greater offense, the defendant is entitled to have the jury consider that lesser included offense. When, however, an essential element of the lesser crime is lacking in the greater charged offense ... a conviction on a legislatively designated lesser offense which is unsupported by the evidence will be constitutionally infirm.
`We hold that the trial judge was correct in excluding the charge of forcible rape in this prosecution for aggravated rape. Though forcible rape is a legislatively designated responsive verdict... it is not a true lesser included offense ...'"
In affirming State v. Henry at 449 So.2d 486 (La.1984), the Supreme Court of Louisiana said:
"If the trial court had instructed on forcible rape and if Charles Henry had been convicted of forcible rape, this Court would be required to reverse. Jackson v. Virginia, 443 U.S. 307 [99 S.Ct. 2781, 61 L.Ed.2d 560] ...
"... if the trial court here had given a charge on forcible rape, the court would also have been required to charge the jury that there was no evidence to support a charge of forcible rape."
The Supreme Court went on to say that the majority of other jurisdictions provide that there is no duty to instruct on lesser included offenses in the absence of evidence tending to prove such lesser offenses.
Here, Reese was convicted as charged. Had the jury been inclined to find him guilty of a lesser crime, for sympathy reasons or whatever, the options were there. It is quite clear from the verdict that the jury believed the victim and the prosecution's other witnesses and found all of the elements of aggravated rape proven beyond a reasonable doubt. The record fully supports this determination. There was no evidence or testimony suggesting either a verdict of simple rape or sexual battery, not even the defendant's testimony as he exercised his constitutional right not to take the witness stand in his own behalf.
The victim, who testified she had been married for 28 years and who had eight children, did not say that she was intoxicated or medically unable to resist or that Reese merely touched her. She said that she did resist to the utmost, that she was beaten and that she submitted twice to vaginal intercourse only because of his threats and her fear of being harmed further. She stated that Reese said, "If you don't stop screaming, I'm going to kill you..." The victim said that she believed Reese would kill her.
*79 Reese does not now argue that the evidence and testimony would support a sexual battery conviction or a conviction of any other lesser charge, nor does he contend that the inclusion of simple rape in the charge perhaps confused the jury. Appellant simply states that Art. 814 at the time of trial listed sexual battery as a responsive verdict and not simple rape, and that the list of responsive verdicts should have been read in precise accord with and without deviation from the statute. He does not show, however, how or why he was prejudiced.
We don't see how the inclusion of simple rape was harmful to Reese as this charge was totally inapplicable and was properly disregarded by the jury. Likewise, the omission of sexual battery, a charge not supported by any of the evidence or testimony, could only be deemed prejudicial if the jury sympathetically looked for a lesser verdict and found none. There were lesser verdicts available, including attempted aggravated rape, forcible rape and simple rape, if the jury felt compassion for Reese notwithstanding the compelling evidence and testimony adverse to his interests.
In State v. Anderson, 440 So.2d 205 (La. App. 3rd Cir.1983) writs denied at 444 So.2d 1241 (La.1984), the trial judge erroneously included a lesser charge in his list of responsive verdicts. The defendant was convicted of the crime charged, and the Third Circuit noted:
"... it appears anomalous for one to allege that he was prejudiced when he was convicted of the precise crime charged, despite the existence of arguably erroneous lesser responsive verdicts which were found to be inapplicable by the trier of fact. See State v. Prestridge, 399 So.2d 564 (La.1981); State v. Beavers, 394 So.2d 1218 (La.1981) ...
From State v. Prestridge, supra:
"The arguably erroneous inclusion of lesser offense responsive verdicts in the charge to the jury cannot be said to have prejudiced the defendant where the jury returned a verdict of guilty of the offense charged. See State v. Beavers, 394 So.2d 1218 (La.1981); State v. Booker, 385 So.2d 1186 (La.1980). It is not demonstrated how the inclusion of the lesser offense responsive verdicts in the jury charge could have led to confusion which would have had a bearing on the jury's finding that the defendant was guilty of the offense charged."
Finding neither prejudice nor a denial of due process, we affirm Reese's conviction and sentence.
AFFIRMED.
NOTES
[1] April 3-6, 1984.