DOUCET, Judge.
Defendant, LeBarsa J. LeBlanc, a 61 year old male, was charged with the molestation of a 14 year old male, in violation of LSA-R.S. 14:81.2. LeBlanc was tried before a jury and found guilty of the lesser charge of attempted molestation of a juvenile. The court sentenced the defendant to serve three years at hard labor but suspended the sentence and placed him on supervised probation for three years with special conditions.
On appeal, defendant claims two assignments of error:
1. The trial court erred by denying appellant’s motion for post verdict judgment of acquittal.
2. The trial court erred by denying defendant’s motion for a new trial.
FACTS
On May 21, 1985, as the victim was jogging down a road in the Jennings area, defendant drove up alongside him and engaged him in a conversation. The defendant, who remained in his pickup truck, questioned the victim about his sexual activities and then asked him to face his back to the truck. The victim did so and the defendant reached down and hooked his left thumb in the waist band of the victim’s jogging shorts, placing his fingers on the outside of the pants over the victim’s genitals. The defendant then said he had to go and the victim hit him in the face and ran.
After the jury returned its verdict the defendant filed a timely motion for a post verdict judgment of acquittal, LSA-C.Cr.P. art. 821, and in the alternative, a motion for a new trial, LSA-C.Cr.P. art. 851. The trial court denied both motions.
Defendant first contends the trial court erred in denying his motion for a post verdict judgment of acquittal. A post verdict judgment of acquittal shall be granted only if the trial court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty. LSA-C.Cr.P. art. 821. Denial of a post verdict judgment of acquittal may be reversed on appeal only if there is no evidence of the crime or an essential element thereof or where the denial is a palpable abuse of discretion. State v. Jenkins, 454 So.2d 282 (La.App. 4th Cir.1984), rev’d. on other grounds, 458 So.2d 109 (La.1984).
Defendant argues that the record does not establish that the essential element of force, as charged in the indictment, was employed by the defendant. He argues that force, as it is used in the molestation statute, means more than a mere grabbing of the victim’s genitals as occurred in the instant case. We find the actions of the defendant in this case satisfied the element of force for the purpose of conviction of this crime. The actions of the defendant in this case, who, after approaching the young victim on a rural road, called him over to his truck and then placed his left hand on the victim’s shorts, over his genitals, satisfied proof of the element of force for purposes of the jury’s verdict. The state need not prove every element of a crime to convict a defendant of an attempt. LSA-R.S. 14:27; State v. Hunter, 454 So.2d 131 (La.App. 2nd Cir.1984), writ den., 456 So.2d 1018 (La.1984). The evidence, taken as a whole, supports a finding by the jury that the defendant had the specific intent to commit a lewd act on the person of the victim, by the use of force, although he may not have completed the perpetration of the offense. Accordingly, we find no abuse of discretion in the trial court’s denial of defendant’s motion for a post verdict judgment of acquittal.
In defendant’s second assignment of error, he contends that the trial court erred in denying defendant’s motion for a new trial for two reasons.
The first reason given is that the trial court erred in reviewing the sufficiency of the evidence because it relied on an incorrect interpretation of force as it is used in the molestation statute. For the reasons we set forth in addressing defendant’s first assignment of error, we find no merit in this part of defendant’s argument.
*389 The second reason propounded by the defendant is that the ends of justice would be served by granting a new trial because the trial court did not charge the jury that LSA-R.S. 14:81, indecent behavior with juveniles, was a responsive verdict to the charge contained in the indictment.
Although we disagree with the trial judge’s reason for denying the motion stating that indecent behavior with juveniles is not a lesser but included grade of the offense, the ruling is nonetheless not a reversible error. Indecent behavior with juveniles is clearly a lesser and included offense, it requiring proof of no element that is not found in the greater offense of molestation. The trial judge incorrectly reasoned that since indecent behavior with juveniles could be committed with the victim’s consent, it is not a lesser and included offense. The existence of the victim’s consent is certainly not a necessary element to be proven by the state in the lesser crime.
There is no error however, because, also as pointed out by the trial judge, the complaint by the defendant comes too late in a motion for a new trial. As a general rule, error in regard to instructions to a jury in criminal proceedings cannot be availed of after a verdict where the defendant does not object contemporaneously at trial. State v. Sims, 381 So.2d 472 (La.1980); State v. Collatt, 477 So.2d 177 (La.App. 3rd Cir.1985). The defendant, not having objected to the jury instructions, or not having requested any such special jury charge, cannot now assign the instructions as error.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.