653 So.2d 140 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Richard L. BUSBY, Defendant-Appellant.
No. CR94-1354.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1995.
*142 Asa Allen Skinner, Leesville, for State.
James Earl Calhoun, Natchitoches, John K. (Mike) Anderson, Leesville, for Richard Busby.
Before THIBODEAUX, DECUIR, and AMY, JJ.
THIBODEAUX, Judge.
The defendant, Richard L. Busby, appeals a jury verdict of guilty of two counts of molestation of a juvenile in violation of La. R.S. 14:81.2. He was sentenced to consecutive 10 and 5 year terms on each count and a fine of $5,000.00 on the second count.
We affirm.

FACTS
On October 30, 1993, the Vernon Parish Sheriff's Office was notified by the Office of Human Development of a report of sexual abuse on three small children. The children were Donald Samuel Waltman, seven years old, Joanie Lynn Waltman, six years old, and Elizabeth Nicole Waltman, four years old. They are the children of twenty-four year old Bonnie Lou Waltman Sykes of Leesville. The children were alleged to have been sexually and physically abused by Ms. Sykes' boyfriend, Richard Busby, eighteen years old. Dr. Thomas Griffin of DeRidder performed a physical examination of the three children and concluded that all three children had been physically and sexually abused. The children were placed in foster care.
Statements from the children indicated Richard Busby sexually abused them by making Donald perform oral sex on him, and by fondling the vaginal areas of Joanie and Elizabeth.

I. Failure To Continue The Trial Or Order A Mistrial
In these assignments of error, defendant contends the trial court erroneously failed to continue the trial or order a mistrial based on the state's failure to disclose exculpatory material and the trial judge's failure to inspect evidence that may have been exculpatory.
Brian McGuire, an investigator for the Vernon Parish Office of Community Services, testified that he had videotaped the interviews of the minor victims. He did not send the tapes to the district attorney's office nor did anyone from that office question him about tapes. His summary of the interviews on OCS Form 44 indicates that the interviews were taped. The state did not have these tapes in its possession and did not intend to use them during the trial.
The defense moved for a continuance to prepare a defense which might involve the use of the tapes and asked for a mistrial. His argument was that the state knew of the tapes' existence; therefore, it should have made the tapes available to him for review and proffer to the judge to determine if they were exculpatory.
The OCS Form 44 was admitted into evidence and the transcript of the interviews was reviewed by the trial judge before trial began. The judge denied the continuance and request for a mistrial on the basis that the interviews revealed no information exculpatory to the defendant.
The trial judge was correct.
*143 Article 718 of the Code of Criminal Procedure requires the state to relinquish to a defendant for examination or copying any tangible materials that are in its possession or control and which are favorable or intended for use at trial.
The videotapes were within the control and custody of the Office of Community Services and, by extension, the district attorney's office had control, custody, and possession of them. However, the inquiry does not end there. More is required for the prosecution to have to turn over the tapes. Since the state never intended to use the tapes as evidence, the defendant couches his argument on subsection (1) of Article 718, i.e., the videotapes were favorable to him and relevant and material to his guilt or punishment.
Our circuit discussed this issue in State v. Brossette, 634 So.2d 1309, 1317 (La.App. 3rd Cir.1994):
The defense is entitled, upon request, to evidence which is favorable to the accused, where the evidence is material to guilt. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The rule has been expanded to include evidence which impeaches the testimony of a witness, where the reliability or credibility of the witness may be determinative of guilt or innocence. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); State v. Cobb, 419 So.2d 1237 (La.1982). The court may conduct an in camera inspection to determine the nature of the requested material. La.C.Cr.P. art. 718; State v. Cobb, supra at 1241. In State v. Thorne, 526 So.2d 1227 (La.App. 3rd Cir.), writ denied, 532 So.2d 174 (La.1988), we held that the requirements of Brady were satisfied when the trial judge conducted an in camera inspection and pointed out to the defense counsel any exculpatory information.
The trial judge's denial of an in camera inspection of the videotapes was based on his having previously read the transcript of the interviews. His decision that there was no exculpatory information contained in the videotapes was not based solely on the OCS Form 44.
The supreme court in State v. Ray, 423 So.2d 1116, 1119 (La.1982) explained:
However, the failure of the state to comply with the discovery procedure will not automatically command reversal. Rather, we must review the record for a determination of whether any prejudice which may have resulted from the non-compliance caused the trier of fact to reach the wrong conclusion. State v. Mitchell, 412 So.2d 1042 (La.1982); State v. Davis, 399 So.2d 1168 (La.1981); State v. Strickland, supra [, 398 So.2d 1062 (La.1981)]; State v. Statum, 390 So.2d 886 (La.1980), cert. denied, 450 U.S. 969 [, 101 S.Ct. 1489, 67 L.Ed.2d 619] [(1981)].
Defense counsel viewed the videotapes and has yet to explain how the outcome of the trial would have been different had a continuance been granted to defense. The only "exculpatory" evidence he refers to in his brief is that, when McGuire attempted to interview the youngest child, Elizabeth Nicole Waltman, she did not respond. This fact is not exculpatory. The two counts for which defendant was convicted involved the two other children. The lack of testimony from the four-year-old is hardly relevant to the issue of defendant's guilt regarding the other two children. Additionally, that Elizabeth Nicole Waltman did not respond in the interview was expressed in the OCS Form 44 which defense counsel had. Thus, he was aware before he saw the videotapes that Elizabeth Nicole Waltman had been non-responsive in the interview. Defendant provides no other evidence of exculpatory information contained in the tapes. The defense attorney was permitted to review the videotapes in question over the lunch break. Thus, there was no need for anin camera inspection of the videotapes by the trial judge when defense counsel himself reviewed the tapes.
These assignments are without merit.

II. Hearsay Testimony
Here, the defendant argues the trial court erred in allowing two (2) witnesses, Mr. Brian McGuire and Dr. Thomas E. Griffin, III, to give hearsay testimony. The hearsay complained of related to statements made by the alleged victim, "Elizabeth Nicole Waltman" *144 in count 3, which was later dismissed on the state's motion.
The defense counsel made numerous objections during Mr. McGuire's testimony, especially as it relied on Dr. Griffin's examination of the child, Elizabeth Nicole Waltman. However, no objection was raised when Dr. Griffin himself testified about Elizabeth Nicole Waltman's statements.
La.Code Crim.P. art. 841 A states:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
See, e.g., State v. Trahan, 543 So.2d 984, 997 (La.App. 3rd Cir.1989), overruled on other grounds, 551 So.2d 1303, 1304 (La. 1989),affirmed, 576 So.2d 1, 13 (La.1990).
For this reason, the defendant has lost his right to object to Dr. Griffin's testimony, leaving only Mr. McGuire's assertions as an issue. Hearsay and its limits are delineated at La.Code Evid. arts. 801 C & 802:
"Hearsay" is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.

* * * * * *
Hearsay is not admissible except as otherwise provided by this Code or other legislation.
Considering these articles, Mr. McGuire's statements about what Dr. Griffin's report said were hearsay. However, it was harmless error because Dr. Griffin himself was available to testify and be cross-examined. See, e.g., State v. Stuart, 344 So.2d 1006 (La.1977); State v. Bullock, 604 So.2d 715 (La.App. 4th Cir.1992). In fact, as already mentioned, the doctor testified about what Elizabeth Nicole Waltman told him, and defense counsel did not object. Also, Dr. Griffin was cross-examined, but the matter of Elizabeth Nicole Waltman's statements was not raised.
Mr. McGuire's testimony did not include any hearsay statements from Elizabeth Nicole Waltman herself, as he made it clear she had told him nothing.
For the reasons discussed, this assignment lacks merit.

III. Ineffective Assistance Of Counsel
The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment of the U.S. Constitution. To prove that counsel was ineffective, the defendant must meet the two-pronged test enunciated by the Supreme Court. First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this deficiency prejudiced the outcome of the trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987), reh. denied, 484 U.S. 1021, 108 S.Ct. 737, 98 L.Ed.2d 684 (1988). To establish a claim of ineffective assistance of counsel a defendant must demonstrate that his defense attorney failed to meet the level of competency normally demanded of attorneys in criminal cases. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Fickes, 497 So.2d 392 (La.App. 3d Cir.1986), writ denied, 515 So.2d 1105 (La.1987).
In considering allegations of ineffectiveness, defense attorneys are entitled to a presumption their conduct fell within the broad range of reasonable professional assistance. The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be considered to have produced a just result. United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); Strickland, supra.

A. Failure To Move For A Mistrial
In his first argument, the defendant contends his trial attorney was ineffective because he failed to move for a mistrial when the prosecutor dismissed one of the counts against the defendant. The state's entire *145 case had been presented, so the defendant reasons that the evidence already adduced as to the dismissed count was "other crimes" evidence which prejudiced the jury's consideration of the remaining counts.
The first step of the inquiry is to determine whether the defendant was in fact entitled to a mistrial. If he was, then the "ineffective assistance" analysis should continue. If he was not, then his claim fails ab initio.
The pertinent grounds for mistrial are stated in La.Code Crim.P. art. 775:
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
La.Code Crim.P. art. 770(2) provides:
Upon motion of a defendant, a mistrial shall be declared when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:

* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;

* * * * * *
Little caselaw exists that is squarely on point, but defendant cites State v. Christy, 593 So.2d 1322, 1326-1328 (La.App. 1st Cir. 1991) to support his argument, even though that case upheld the denial of a mistrial in a similar fact pattern. That case observes that while a district attorney has full authority under La.Code Crim.P. art. 691 to dismiss a count in an indictment, such authority has limits. The defendant relies upon the following passage:
... There might well be situations wherein the entering of a nolle prosequi for one or more counts after the jury has been informed of the existence of all the counts will prejudice a defendant to such an extent that he is entitled to a mistrial, especially if evidence of the count or counts being dismissed was introduced, which might entitle such defendant to a mandatory mistrial pursuant to La.C.Cr.P. art. 770(2) [sic].
Id. at 1327-1328.
In view of this language, this case is immediately distinguishable in that evidence as to count three was placed before the jury; in Christy, such evidence had not been presented as to the dismissed count.
However, the Christy court observed that even if the defendant in that case had been prejudiced by the dismissal, the error was harmless beyond a reasonable doubt, because the state had presented sufficient evidence to prove each of the other counts. Id. at 1328. Thus, each of the remaining counts was able to stand on its own, without evidence from the dismissed count. Adopting this reasoning, the record suggests that any error in this case is also harmless.
As the defendant has neither raised nor briefed insufficiency of the evidence as an error, we will not conduct a full-blown review. However, some analysis is required to assess possible prejudice to the defendant.
When sufficiency of the evidence is analyzed, the critical inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, reh. denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559, 563 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La. 1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
*146 Aggravated oral sexual battery is defined at La.R.S. 14:43.4:
A. Aggravated oral sexual battery is an oral sexual battery committed when the intentional touching of the genitals or anus of one person and the mouth or tongue of another is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.
(2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
(5) When two or more offenders participated in the act without the consent of the victim.
B. For purposes of Paragraph (5) of Subsection A of this Section, "participate" shall mean:
Commit the act of oral sexual battery.
(2) Physically assist in the commission of such act.
C. Whoever commits the crime of aggravated oral sexual battery shall be punished by imprisonment, with or without hard labor, for not more than twenty years.
La.R.S. 14:43.3 defines oral sexual battery:
A. Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or when the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
B. Lack of knowledge of the victim's age shall not be a defense.
C. Whoever commits the crime of oral sexual battery shall be punished by imprisonment, with or without hard labor, for not more than fifteen years.
As to count no. 2, molestation of a juvenile is set forth in La.R.S. 14:81.2A:
A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.
The state's case as to count one and count two was supported by the testimony of the two young victims, who graphically described the defendant's actions, e.g., one victim's testimony clearly described forced fellatio. Their testimony, in turn, was supported by evidence adduced from the examining physician and the investigating officers. Sufficient evidence was presented to prove the elements of the charged crimes beyond a reasonable doubt. Following Christy's reasoning, any prejudice resulting from the dismissal of count three was harmless beyond a reasonable doubt. Since defendant was not entitled to a mistrial, his attorney was not ineffective in failing to move for a mistrial.

B. Failure To Object To Exclusion Of Responsive Verdicts
In this assignment, the defendant claims his trial attorney was ineffective because he failed to object to the exclusion of responsive verdicts to the charge of *147 molestation of a juvenile. Specifically, he argues La.R.S. 14:81, "indecent behavior with juveniles" should have been included as a responsive verdict to La.R.S. 14:81.2, "molestation of a juvenile."
Again, the analysis should be approached in stages. The first question is whether 14:81 is a lesser included offense of 14:81.2. The second question is whether counsel's failure to object to the lack or exclusion of the responsive charge amounted to ineffective assistance.
La.Code Crim.P. art. 814, which lists responsive verdicts authorized by the legislature, does not list either of the crimes under discussion. However, La.Code Crim.P. art. 815 allows the inclusion of lesser-included offenses even when not listed in 814.
As the defendant points out, 14:81 has been held to be responsive to 14:81.2. State v. LeBlanc, 497 So.2d 387, 388 (La.App. 3d Cir.), modified, 506 So.2d 1197, 1201 (La. 1987). The next question, then, is whether prejudice resulted from counsel's failure to have the responsive verdict included in the jury charge.
In determining whether the failure to give a responsive verdict amounts to ineffective assistance of counsel, the test is whether the omission resulted in prejudice to the defendant. Both the defendant and the state cite State v. Serio, 641 So.2d 604 (La. App. 5th Cir.1994) in their argument on this point. In that case, the defendant alleged ineffectiveness, arguing his attorney had failed to object when the trial court omitted a proper responsive verdict of attempt on the charged crime.
The court noted that before a conviction can be reversed due to such an exclusion, or an improper inclusion, the defendant must show that the error was prejudicial and that fundamental due process has been violated. Id. at 608, citing State v. Williams, 632 So.2d 351, 359 (La.App. 1st Cir.1993); State v. Reese, 472 So.2d 76, 77-78 (La.App. 5th Cir.1985).
Specifically, the Serio court stated:
In determining whether the failure to give a responsive verdict of attempt is reversible error, the question is whether there is a reasonable probability that, had the jury been given the responsive verdict of attempt, the verdict would have been different.
Id., citing State v. Wright, 598 So.2d 493, 498 (La.App. 2d Cir.1992).
The Serio court decided the evidence in that case indicated the omission did not prejudice the defendant; thus, a reversal based upon ineffective assistance of counsel was not required.
As already discussed, this case included strong evidence of the defendant's guilt. Additionally, the trial judge did instruct the jury regarding responsive verdicts of attempt as to the charged offenses. If the jury was inclined to lenity, it had the option of cutting the defendant's potential sentences in half by returning verdicts of guilty of attempt. See, e.g., State v. Reese, supra; State v. Nolen, 461 So.2d 1073 (La.App. 5th Cir.1984).
The defendant also alleges his trial counsel was ineffective because oral sexual battery should have been included as a responsive verdict to the charge of aggravated oral sexual battery, and his trial counsel should have objected when it was not included.
The question of whether oral sexual battery is a responsive verdict is answered by the same analysis used in the previous assignment. La.Code Crim.P. art. 814 does not apply; therefore, we must refer to La. Code Crim.P. art. 815, the substantive statutes, and related caselaw.
The relevant portion of the aggravated oral sexual battery statute, La.R.S. 14:43.4, states:
A. Aggravated oral sexual battery is an oral sexual battery committed when the intentional touching of the genitals or anus of one person and the mouth or tongue of another is deemed to be without the lawful consent of the victim because it is committed under any one or more of the following circumstances:
(1) When the victim resists the act to the utmost, but whose resistance is overcome by force.

*148 (2) When the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.
(5) When two or more offenders participated in the act without the consent of the victim.
B. For purposes of Paragraph (5) of Subsection A of this Section, "participate" shall mean:
(1) Commit the act of oral sexual battery.
(2) Physically assist in the commission of such act.
The relevant portion of La.R.S. 14:43.3, "Oral sexual battery," requires:
A. Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender, when the offender either compels the other person to submit by placing the person in fear of receiving bodily harm, or when the other person has not yet attained fifteen years of age and is at least three years younger than the offender:
(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or
(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.
B. Lack of knowledge of the victim's age shall not be a defense.
Thus, the defendant argues, the elements of the basic oral sexual battery statute are incorporated into aggravated oral sexual battery. The state argues this is not true, as the phrase "who is not the spouse of the offender" is not included in La.R.S. 14:43.4.
We have uncovered no case which squarely addresses this issue; however, it appears from the clear language of the statute that 14:43.3 was incorporated into 14:43.4, and some cases have assumed as much. See, e.g. State v. Herrin, 562 So.2d 1, 4 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990); State in the Interest of Claiborne, 535 So.2d 37, 39 (La.App. 4th Cir.1988). Therefore, the defendant is correct in arguing oral sexual battery is a responsive verdict to aggravated oral sexual battery.
However, the defendant's argument that his trial counsel was ineffective in his failure to request inclusion of oral sexual battery as a responsive verdict fails for the same reasons discussed above. The jury had an opportunity to reach a compromise verdict by returning a verdict of guilty of attempt. Instead, it reached a unanimous guilty verdict on the original charge, showing no hesitancy or confusion, nor a desire for lenity in its verdict. The defendant has thus failed to show that any prejudice resulted from the absence of oral sexual battery as a responsive verdict.
These assignments lack merit.

CONCLUSION
The trial judge did not err in denying defendant's motions for continuance and mistrial. The state did not violate La.Code Crim.P. art. 718 when it refused to order the Office of Community Services to produce the tapes. The trial court was within its sound discretion in refusing to review the videotaped interviews in camera because the court had already reviewed the transcripts of the tapes and found they did not contain anything exculpatory; additionally, the defense counsel himself reviewed the tapes. Finally, defendant failed in his Brady claim because the evidence on which he based his claim was not material to his guilt or innocence.
The testimony to which defendant objected was properly admitted because, even though it was hearsay, Dr. Griffin was available to testify and be cross-examined. Defendant was not denied effective assistance of counsel because he was unable to show that trial counsel's performance was deficient, or that his defense was prejudiced in any way. All of defendant's assignments of error lack merit *149 and the conviction and sentence are affirmed.
AFFIRMED.