STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-446

STATE OF LOUISIANA

VERSUS

THEDDEUS RIDEAUX

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 14007-02
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE
**********

**GLENN B. GREMILLION
JUDGE**

**********

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

> **COUNT ONE: CONVICTION REVERSED; SENTENCE VACATED; JUDGMENT RENDERED; AND REMANDED FOR SENTENCING.**
>
> **COUNT TWO: CONVICTION REVERSED; SENTENCE VACATED; AND JUDGMENT OF ACQUITTAL ORDERED.**

**Ronald A. Rossitto**
**District Attorney**
**Cate L. Bartholomew**
**Carla S. Sigler**
**Asst. District Attorneys**
**1020 Ryan Street**
**Lake Charles, LA 70602**
**(337) 437-3400**
**Counsel for Plaintiff/Appellee**
    **State of Louisiana**

**Evelyn M. Oubre**
**522 Clarence Street**
**Lake Charles, LA 70601**
**(337) 436-0337**
**Counsel for Defendant/Appellant**
**Theddeus Rideaux**

**Theddeus Rideaux**
**ALC - Earth C-1**
**3751 Lauderdale Woodyard Road**
**Kinder, LA 70648**
**In Proper Person**

GREMILLION, Judge.

In this case, the defendant, Theddeus Rideaux, was convicted of two counts of molestation of a juvenile, a violation of La.R.S. 14:81.2. He was sentenced to eight years at hard labor, with three years suspended on each count, to be served concurrently, and five years probation following release from incarceration, plus other special conditions. As his sole assignment of error, Defendant asserts the evidence was insufficient to sustain the verdicts. We agree and find that the evidence was insufficient to support the convictions for molestation of a juvenile on both counts. Accordingly, we hold that the conviction for molestation of a juvenile on count one be reduced to the responsive verdict of indecent behavior with juvenile, a violation of La.R.S. 14:81. We order a reversal and judgment of acquittal on count two.

## SUFFICIENCY OF EVIDENCE

Defendant argues that the evidence was insufficient to sustain the verdicts of molestation of a juvenile under the *Jackson* standard recited below:

> When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979); *State ex rel. Graffagnino v. King,* 436 So.2d 559, (La.1983)*; State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). The role of the factfinder is to weigh the respective credibility of each witness. Therefore, the appellate court should not second guess the credibility determinations of the factfinder beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559, citing *State v. Richardson*, 425 So.2d 1228 (La.1983).

1

*State v. Miller,* 98-1873, p. 5 (La.App. 3 Cir. 10/13/99), 746 So.2d 118, 120, *writ denied*, 99-3259 (La. 5/5/00), 761 So.2d 541.

Defendant was convicted of two counts of molestation of a juvenile committed on two separate victims. Louisiana Revised Statutes 14:81.2(A) provides:

> Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

Defendant argues only that the victims' testimonies were vague and contradictory, and thus, insufficient to sustain the verdicts. In *State v. Roca,* 03-1076, pp. 11-12 (La.App. 5 Cir. 1/13/04), 866 So.2d 867, 874, *writ denied*, 04-0583 (La. 7/2/04), 877 So.2d. 143, our colleagues stated:

> In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. *State v. Stec*, 99-633, p. 4 (La.App. 5 Cir. 11/30/99), 749 So.2d 784, 787. In the case of sexual offenses, the testimony of the victim alone can be sufficient to establish the elements of a sexual offense, even where the State does not introduce medical, scientific or physical evidence to prove the commission of the offense.

After a review of the record, we note that the victims' testimonies were not contradictory and vague. The only evidence offered regarding the offenses were their testimonies. C.R.,[1] the oldest of the two victims, who was fifteen at the time of the offense, identified and described one incident of inappropriate touching. C.,

---

[1] La.R.S. 46:1844(W) requires that in the case of minor victims, their initials are to be used to hide their identity. In this case the victims have the same initials. Therefore, we refer to the youngest victim by the initial of her first name only.

2

thirteen-years-old at the time of the offenses, testified as to three incidents and stated that there were several others, but she could not articulate the other incidents. There were no contradictions between the two victims or between their testimony and the testimony of the other witnesses. The testimony the victims gave at trial were consistent with the offenses as they described them during the interviews conducted at the request of the police. The interviews were conducted four days after the offenses were reported. As noted above, it is not the function of this court to assess the credibility of the witnesses or to reweigh the evidence. This court may impinge on the factfinder's function only to the extent necessary to ensure the *Jackson* standard of review. *State v. Bordenave,* 95-2328 (La. 4/26/96), 678 So.2d 19.

However, we hold that the evidence was insufficient to sustain the verdicts of molestation of a juvenile in that the evidence did not support the required elements of supervision and control. As noted above, the accused must achieve the offense "by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, *or* by the use of influence by virtue of a position of control or supervision over the juvenile." La.R.S. 14:81.2(A) (emphasis added). The State alleged that the acts of molestations were achieved by virtue of control or supervision over the minors.

The indictment, in pertinent part, reads:

Between May 1, 2001 and January 8, 2002, at and in the Parish, District and State aforesaid, Theddeus Rideaux, committed the offense of MOLESTATION OF A JUVENILE, violating LSA R.S. 14:81.2, in that

COUNT 1: ON SEVERAL OCCASIONS THEDDEUS RIDEAUX BEING OVER THE AGE OF SEVENTEEN, COMMITTED A LEWD OR LASCIVIOUS ACT UPON

3

. . . . A JUVENILE BEING UNDER THE AGE OF SEVENTEEN, THERE BEING AN AGE DIFFERENCE GREATER THAN TWO YEARS BETWEEN THE TWO, TO WIT: A WHITE FEMALE JUVENILE WITH A DATE OF BIRTH OF 9-2-88 WITH THE INTENTION OF AROUSING OR GRATIFYING THE SEXUAL DESIRES OF EITHER PERSON, BY THE USE OF INFLUENCE BY VIRTUE OF A POSITION OF CONTROL OR SUPERVISION OVER THE JUVENILE,

COUNT 2: ON SEVERAL OCCASIONS THEDDEUS RIDEAUX BEING OVER THE AGE OF SEVENTEEN, COMMITTED A LEWD OR LASCIVIOUS ACT UPON . . . . A JUVENILE BEING UNDER THE AGE OF SEVENTEEN, THERE BEING AN AGE DIFFERENCE GREATER THAN TWO YEARS BETWEEN THE TWO, TO WIT: A WHITE FEMALE JUVENILE WITH A DATE OF BIRTH OF 8-6-86 WITH THE INTENTION OF AROUSING OR GRATIFYING THE SEXUAL DESIRES OF EITHER PERSON, BY THE USE OF INFLUENCE BY VIRTUE OF A POSITION OF CONTROL OR SUPERVISION OVER THE JUVENILE.

At trial, the victims' mother, D.R., testified regarding the family's relationship with Defendant. She testified that she had known Defendant and his wife since 1990, and that she got along well with the couple. She testified that they often spent the night at her house with their infant son while baby-sitting the victims and their baby brother when she worked nights.

Defendant, who was thirty-seven at the time of trial, testified and denied that he ever inappropriately touched the two victims. He stated that he had a good relationship with the oldest victim, C.R., but not so much with C., because he refused to allow her to baby-sit his infant son. Otherwise, he could not explain the two victims' accusations.

As noted above, the only evidence submitted in this case regarding the offenses was the testimony of the two victims and the taped interviews with the

4

victims conducted four days after the offenses were reported. C., who was fifteen-years-old at the time of trial, testified that over a several-month period, Defendant inappropriately touched her several times. At trial, she described two separate incidents. One incident occurred in her bedroom while her mother, sister, and brother were home and Defendant, his wife, and son were spending the night. She said that she woke up to find Defendant kissing her thigh. In the taped interview, C. pointed to a spot on her thigh, midway between her knee and hip, as where he kissed her. She testified that he then unsnapped her bra and rubbed her breasts. She said that he put his hand down the back of her pants and rubbed her bottom. In the interview, she stated she got up and went into her mother's room. She said that as she left the room, he told her not to tell anyone, and that she would be in trouble if she did.

C. related a second incident that happened when she was home sick from school, and her mother called Defendant and asked him to bring her lunch. C. testified that as she lay on the couch, he unsnapped her bra and rubbed her breasts. She said he put his hand down the back of her pants and rubbed her bottom. During the taped interview, she stated that when she started crying he stopped and immediately left the house. She said that a few days later, at her request, he drove her to church and begged her not to tell anyone. She stated that he said they would both get into trouble if she told. That evening she told her friend, Treasure Smith, about the incidents.

C. reported a third incident during the taped interview that occurred one time when she spent the night at Defendant's house. She said that she had gone over to his house to help with their infant son so his wife could do housework. C. stated

she fell asleep on the couch in the living room and awoke when Defendant began kissing her legs. She said that he picked her up and carried her from the little couch to a bigger couch. According to C., she started to cry and Defendant told his wife, who came into the living room just then, that she was having a nightmare. C. reported that she told Defendant's wife she had a nightmare, then got into bed with her, and Defendant stayed in the living room. The interview was shown to the jury.

The second victim, C.R., seventeen at the time of trial, testified that there was only one time when Defendant touched her. She testified that Defendant, his wife, and son were spending the evening at her house. Her mother and Defendant's wife were in either her mother's room or the baby's room. She said her mother told her to go to bed, but she and her sister had fallen asleep on the couches instead. She claimed she woke up when Defendant began massaging her feet. She said that he asked her if she wanted any other place to be rubbed and she told him no and went back to sleep. Later, she woke up when he unsnapped her bra. In the taped interview, she said he rubbed her back and the side of her back. She indicated the part of her body below her armpit. She said he did not touch her breasts. In the interview, she said he touched the top of her bottom under her underwear. At trial, she testified she could not remember if he touched her breasts and that he rubbed her bottom. She stated she got up and went into her bedroom. At trial and in the interview, she noted that Defendant did not say anything to her about not telling anyone.

**Count 1:**

In this count, Defendant was charged with the molestation of C. We find that the evidence was insufficient to convict Defendant of that crime, but was

6

sufficient to convict him of the responsive verdict of indecent behavior with a juvenile, a violation of La.R.S. 14:81. Although C. testified it happened several times, she could only describe three incidents when Defendant touched her inappropriately. In one case, the acts occurred when she was home, in her room, with her mother, Defendant's wife, and her sister, all in various locations throughout the house. The second incident occurred when she was home alone from school and, at the request of her mother, Defendant brought her lunch. In the third situation, she had gone to his house to watch his baby so that his wife could do housework and she had fallen asleep on the couch.

In *State v. Teague*, 04-1132 (La.App. 3 Cir. 2/2/05), 893 So.2d 198, we addressed a similar issue wherein the defendant was convicted of molestation of a juvenile. We vacated the conviction holding that the element of supervision and control was not proven. The State argued that because the victim was sandwiched between his brother and the defendant, with another adult present in the defendant's truck while it was moving, the victim was effectively under his control as he repeatedly touched the victim's penis through his clothing. We stated:

> Neither J.R. nor J.M.R. testified that the Defendant had permission to be near them, that he had rules for them to follow, that he performed any caretaking functions, or was the only adult present, thus requiring the Defendant to supervise them. The state failed to prove the Defendant had control or supervision over J.R.

*Id.* at 205.

In *State v. Onstead*, 03-1413 (La.App. 5 Cir. 5/26/04), 875 So.2d 908, the fifth circuit found that the defendant, who had been convicted of molestation of a juvenile, used his influence by virtue of a position of control or supervision over the

7

nine-year-old victim to molest her. Along with other children, the victim visited with him in his house. The defendant, who lived alone, played TV games with them, made them popcorn, and had household rules the children had to follow in order to visit. For instance, the children were not allowed into various areas of the house, although the victim was sometimes allowed into the forbidden rooms. He had permission from the victim's mother to take her to the store and buy her things. He enrolled her at a fitness center where he would take her to a gymnastic program. Moreover, the victim had a neurological problem which caused her to soil herself on occasions. Onstead was aware of this problem and, with her mother's permission, would help the victim clean up after herself when the problem occurred at his house. Thus, our colleagues affirmed Onstead's conviction.

In *State v. Forbes,* 97-1839 (La.App. 1 Cir. 6/29/98), 716 So.2d 424, the defendant was convicted of molestation of a juvenile, but the first circuit found that the State did not meet its burden of proving the element of supervision or control over the victim. The seven-year-old victim testified that a friend of the man who rented a room from her grandmother molested her when she visited her grandmother. Although she developed a friendship with the defendant, the victim testified that he did not baby-sit her, and the grandmother testified that the defendant, who visited the house often, did not have supervision or control over the victim when they were together in the house. The molestation happened while the victim was sitting on the defendant's lap as the two watched television together. The first circuit found that there was no supervision or control exerted over the victim, and vacated the conviction for molestation.

In the present case, D.R. testified that Defendant and his wife often baby-sat the victims and their baby brother on nights when she worked late. When asked if she expected her children to listen to him and comply with his rules, she answered, "Within reason." When asked if she expected him to supervise and take care of the victims, she answered, "Yes." However, there was no testimony that Defendant ever baby-sat the victims alone without his wife present or that the molestation took place while he was baby-sitting. On the first of the occasions, the victim's mother was home when the incident occurred and any baby-sitting function had ceased. In the second incident, the victim was permitted by her mother to be home alone, sick from school, and Defendant was asked to bring her lunch, not to baby-sit or supervise her. On the third occasion, the victim was at Defendant's home with his wife for the purpose of helping her with their infant son while she performed housework. There was no testimony that the wife left the home for any reason and left the victim under his supervision or control during that visit.

For all the above reasons, we find that Defendant was not guilty of molestation of a juvenile. The State failed to prove that Defendant achieved the offenses by use of a position of supervision and control. Moreover, as the facts revealed at trial, there was no showing of force, violence, duress, menace, psychological intimidation, or threat of great bodily harm. However, the State proved all the elements of the offense of indecent behavior with juveniles.

In *Teague*, 893 So.2d at 205, we held:

> Pursuant to La.Code Crim.P. art. 821(C), an appellate court that finds "the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense . . . may modify the verdict and render a judgment of conviction on the

9

lesser included responsive offense." As noted by this court in *State v. Busby*, 94-1354 (La.App. 3 Cir. 4/5/95), 653 So.2d 140, *writ denied*, 95-1157 (La. 9/29/95), 660 So.2d 854, indecent behavior with a juvenile is a responsive verdict to molestation of a juvenile.

Louisiana Revised Statutes 14:81(A), in pertinent part, provides:

> Indecent behavior with juveniles is the commission of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person.

There was no dispute that the victim was under the age of seventeen or that Defendant was older than the victim by two years. C. testified that on at least three occasions, Defendant unhooked her bra and touched her breasts with his fingers and rubbed her bare bottom. On at least one occasion, Defendant entered the victim's bedroom and kissed her legs. While C. could relate only three incidents, she testified the touching occurred more than the three times. She testified that Defendant told her not to tell anyone or they both would get into trouble. Based on these facts, the evidence is sufficient to prove beyond a reasonable doubt that Defendant committed lewd or lascivious acts upon the victim, with the intention of arousing his or her sexual desires, and thus, is guilty of indecent behavior with a juvenile. Therefore, we vacate Defendant's conviction and sentence, and render a judgment of guilty of indecent behavior with a juvenile. We remand the matter for sentencing in accordance with this decision.

**Count 2:**

In count two, we find that the evidence was insufficient to support a conviction of molestation of C.R. because, as discussed above, the State failed to prove beyond a reasonable doubt that Defendant achieved the offense by the use of

10

supervision or control over the victim as set forth in the indictment. Further, we hold that the evidence was insufficient to convict Defendant of the responsive verdict of indecent behavior with a juvenile.

After a thorough review of the record, we can find no evidence that Defendant was in a position of control or authority over the victim. She testified that there was only one incident of touching. She stated that she and her sister were watching television and her mother told her to go to bed, but she fell asleep on the couch. She awoke when Defendant began rubbing her feet. She said that he unsnapped her bra and rubbed her back, and the area under her armpits. During the taped interview, she stated he rubbed the top of her butt, but at trial she indicated he rubbed all of her butt. When she got up and left the room, the activity ceased without words. C.R. was in her home, with two other adults, including her mother, present. She testified at trial and during the taped interview that the only words spoken during this time were when, while he was rubbing her head, Defendant said, "Oh, you had a headache. I knew my baby girl had a headache and I just wanted you – to make you feel better." There was no evidence that he told her not to tell anyone about the contact.

In the case of C.R., Defendant and his wife had been baby-sitting, but C.R.'s mother had already returned home and the baby-sitting function had ceased. Defendant and his wife and son remained in the house as guests. C.R. did not testify that she felt compelled to remain in the room. When she became uncomfortable with Defendant's actions, she simply left the room.

11

Considering the cases discussed above, and when viewed in a light most favorable to the prosecution, the evidence was insufficient to show that Defendant molested C.R. by virtue of a position of control or supervision over her.

Moreover, we hold, unlike in the case of C., that Defendant's behavior did not constitute the offense of indecent behavior with juveniles as to C.R. The evidence did not show that his actions were lewd and lascivious nor did it prove that he had the intent to arouse or gratify his or C.R.'s sexual desires.

In *State v. Louviere*, 602 So.2d 1042, 1044 (La.App. 4 Cir. 1992), *writ denied*, 610 So.2d 796 (La.1993) (citations omitted), wherein the defendant was convicted of two counts of indecent behavior with a juvenile, the fourth circuit stated:

> To determine whether the trier of fact rationally concluded that this act was "lewd or lascivious," or an act tending directly toward a lewd or lascivious act, we must first consider how these terms are defined. According to a recent decision of this court,
>
> > [a] lewd or lascivious act is one which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner.

In that case, two nine-year-old girls testified that the seventy-two-year-old defendant asked them to kiss him to see if his breath smelled like chicken and that he attempted to put his tongue in their mouths when they did so. There were no other touches or suggestions of a sexual nature. Our colleagues on the fourth circuit held that without more, although disgusting, there was no evidence that he committed a lewd and lascivious act with the intent to arouse or gratify sexual desires.

12

The court cited *State v. Saibold*, 213 La. 415, 34 So.2d 909 (1948), in

stating:

> [T]he Louisiana Supreme Court, in concluding that the meaning of the terms was sufficiently clear when used together, stated that lewd or lascivious behavior "connotes actions or gestures of the lustful and lecherous nature." Furthermore, "to settle any possible doubt," that court directed attention to the Reporter's Comment to § 14:81, which specifies that the purpose of this section prohibiting indecent behavior with a juvenile is to prohibit behavior that falls short of sexual intercourse carried on with young children as well as indecent sexual displays in their presence.

*Louviere*, 602 So.2d at 1044.

In *State v. Gaspard*, 02-1040, pp. 5-6 (La.App. 3 Cir. 3/5/03), 841 So.2d

1021, 1025, wherein the defendant was convicted of indecent behavior with a

juvenile, we quoted *Louviere*, 602 So.2d at 1044-45, as follows:

> In addition, a review of reported cases of prosecutions under § 14:81 is illustrative of the type of conduct intended to be proscribed. Indecent behavior with a juvenile in which kissing has occurred has uniformly involved more. In *State v. Boutte*, 384 So.2d 773 (La.1980), the defendant was alleged to have stuck his tongue into the mouth of a four (4) year old neighbor. In addition, however, he removed the child's clothing, laid on top of her, and rubbed her genitals. While the defendant in *State v. Jacob,* 461 So.2d 633 (La.App. 1st Cir.1984), did repeatedly kiss a thirteen (13) year old boy, he also pulled the boy on top of him in bed and fondled him during an overnight stay. And, this court found indecent behavior with a juvenile to have occurred when the defendant french kissed two young boys and also indulged in inappropriate body contact, all over a protracted period. *State v. Rollins*, 581 So.2d 379 (La.App. 4th Cir.1991). It appears then that a kiss is proscribed behavior under § 14:81 when it is repeated or accompanied by other acts that seem more likely to excite lust and to deprave morals, generally genital contact.
>
> In view of the definition, the stated purpose of the criminal statute, and our review of prior jurisprudence involving the statute, it would be difficult for the rational trier of fact to conclude that the testimony concerning a "bad kiss" proved the occurrence of a lewd and lascivious act. Furthermore, there was no indication that any other action was planned which, together with the kiss, would bring

Louviere's conduct within the ambit of the statutory prohibition. Without genital contact or any other obscene or indecent act or repeated occurrence, these kisses fall short of the statutory and judicial requirements of the crime.

In the present case, C.R. stated that there was only one incident of inappropriate touching. "Finding that an act is lewd or lascivious depends upon the time, the place and all of the circumstances surrounding its commission, including the actual or implied intention of the actor." *State v. Bugbee*, 34,524, pp. 7-8 (La.App. 2 Cir. 2/28/01), 781 So.2d 748, 755. While sleeping on the couch, C.R. awoke when Defendant began rubbing her feet. She testified that he touched her feet, back, butt, head, and the area under her armpits. She stated that he asked her if she wanted anywhere else rubbed and she answered no. She said that he did not touch her breasts. During the taped interview, she stated that as he was rubbing her back, he rubbed the top part of her butt. At trial, she testified that he rubbed the bottom of her butt.

Furthermore, while Defendant unsnapped her bra, indeed an inappropriate act under the circumstances, this act was not necessarily an indication of his intention to arouse or gratify sexual desires since he did not touch C.R.'s breasts. The State had to prove that Defendant committed a lewd and lascivious act with the intent to arouse or gratify his or the victim's sexual desires. *See State v. Hillman*, 613 So.2d 1053 (La.App. 3 Cir.), *writ denied*, 617 So.2d 1181 (La.1993). "Specific intent is a state of mind and as such need not be proven as a fact, but may be inferred from the circumstances and actions of the accused." *State v. Harris*, 99-1288, p. 7 (La.App. 5 Cir. 1/24/01), 782 So.2d 1055, 1059, *writ denied*, 01-0485 (La. 1/25/02), 806 So.2d 668; La.R.S. 14:10. In *Bugbee*, 781 So.2d 748, the

14

defendant was convicted of indecent behavior with two juveniles. They testified that he repeatedly touched their breasts and buttocks. Affirming the convictions, the second circuit stated that "[o]ne touch may be an accident, but 8 to 13 times indicate a plan." *Id.* at 756.

In the present case, C.R. specifically testified that the touching of her butt was a one time occurrence and it happened while he was rubbing her back. The second circuit in *Bugbee* further noted that Bugbee's sexually-laced dialogue was an indication of his intent. In the present case, C.R. testified that the only words spoken were when Defendant was rubbing her head and stated, "Oh, you had a headache. I knew my baby girl had a headache and I just wanted you – to make you feel better."

C.R. testified that when she got off the couch and left the room, he said nothing to her about not telling anyone. In *State v. Breaux*, 02-0382 (La.App. 5 Cir. 10/16/02), 830 So.2d 1003, the accused was convicted of indecent behavior when, while sitting in the back seat of the car with the victim, he put his fingers between her legs and touched her vagina. When she opened her mouth to call to her mother in the front seat, he covered her mouth with his hand. The fifth circuit found his act of covering her mouth an indication of his intentions.

In the present case, unlike Defendant warning C. not to tell anyone, Defendant did not say a word to C.R. as she left the room. Unlike *Bugbee*, there were no repeated acts, thus, no indication of a plan. There was no kissing, touching of the genitals as in *Breaux*, or attempts to prevent others from knowing about the incident. Other adults were present in the home, and there was nothing to suggest a sexual agenda. While Defendant's actions may have been inappropriate, especially

15

unhooking C.R.'s bra, we find that the State failed to prove his actions were "lewd or lascivious" or done with "the intention of arousing or gratifying the sexual desires of either person" beyond a reasonable doubt. Based on these findings, Defendant's assignment or error regarding Count Two has merit. Accordingly, his conviction is reversed and his sentence is vacated. We further order a judgment of acquittal on this count.

## CONCLUSION

In Count One, we find that the evidence was insufficient to prove beyond a reasonable doubt that Defendant exercised supervision or control over the victim sufficient to sustain the conviction for the molestation of a juvenile. However, the evidence was sufficient to sustain a conviction for the responsive verdict of indecent behavior with a juvenile. Therefore, we vacate Defendant's conviction and sentence. We now order, adjudge, and decree a judgment of guilty of indecent behavior with a juvenile on this count, and remand the matter for sentencing in accordance with this decision.

In Count Two, the evidence was insufficient to prove beyond a reasonable doubt that Defendant exercised supervision or control over the victim such that would sustain the conviction for the molestation of a juvenile. Moreover, the evidence was insufficient to prove beyond a reasonable doubt the responsive verdict of indecent behavior with a juvenile. Accordingly, the conviction for molestation of a juvenile is reversed and the sentence is vacated. We order, adjudge, and decree a judgment of acquittal on this count.

16

**COUNT ONE: CONVICTION REVERSED; SENTENCE VACATED; JUDGMENT RENDERED; AND REMANDED FOR SENTENCING.**

**COUNT TWO: CONVICTION REVERSED; SENTENCE VACATED; AND JUDGMENT OF ACQUITTAL ORDERED.**